Beaucoup Coal Co. v. Cooper.

THE BEAUCOUP COAL COMPANY

v.

AMERICA J. COOPER.

1. MINING ACT, FAILURE OF AGENT TO COMPLY WITH STATUTORY PROVISION, CAN NOT RECOVER FOR INJURY CAUSED THEREBY.—Where deceased was the agent of appellant, an owner of a coal mine, and was engaged in superintending the mining of coal, and as such agent, failed to put catches on the brake and thus comply with the statutory duty imposed upon an owner, agent or operator of a coal mine by the sixth section of the act of 1879, for the safety of persons employed in a coal mine, and in consequence of such failure was killed. *Held*, that his widow and heirs can not recover damages from the owner because of his death. Deceased was appellant's agent, and it was as much his duty as that of appellant to place catches on the brake, and in failing to do so, they failed to comply with the provisions of the statute and are *in pari delicto*, and the maxim that no man shall take advantage of his own wrong applies.

APPEAL from the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 13, 1883.

Mr. CHARLES W. THOMAS, for appellant; that the master is not liable where the servant neglects to perform his duty and is thereby injured, cited I. C. R. R. Co. v. Jewell, 46 Ill. 99.

The belief or finding of the jury must be based upon evidence: City of Freeport v. Isbell, 83 Ill. 443.

Mr. R. M. DAVIS and Mr. LEWIS HAMMACK, for appellees; cited R. S. Chap. 93, § 14; R. S. Chap. 70, § 1; Chicago & R. I. R. R. Co. v. Morris, 26 Ill. 403.

At common law members of corporations were not competent witnesses on behalf of their corporations: Angell and Ames on Corporations, §§ 652–660.

The law, with a view to the evidence, regards the real party in interest: McCoy v. The People, 71 Ill. 113; Greenl. on Ev. § 332.

CASEY, J.    This was an action on the case brought by the widow and heirs of James M. Cooper, deceased, against appellant.

The first count of the amended declaration was filed to the May term, 1882, of the Perry Circuit Court, and sets out that James M. Cooper, the deceased, was, on the 22d day of May, 1881, and long prior thereto had been, in the employ of defendant in and about the operation of its coal mine, which was operated through a shaft. That a certain cage of defendant was lowered into and hoisted out of said mine and was furnished with guides which worked upon slides in said shaft, and was so lowered and hoisted by means of a cable attached to said cage and passed over a pulley at the top of the shaft and thence to a drum to which the other end of the cable was fastened, and the drum was operated by a steam engine run by defendant's servants. That it was defendant's duty to provide safe machinery, and to attach to said drum a good and sufficient brake, and to furnish the cage with spring

catches to prevent the consequence of the breaking of the cable, or the disconnecting of the machinery, as provided by the act entitled "An act to provide for the health and safety of persons employed in coal mines," approved May 28, 1879, in force July 1, 1879. Yet the defendant, disregarding its duty imposed upon it by said act, willfully violated section six of said act, and negligently, carelessly and willfully neglected and failed to have a good and sufficient brake attached to said drum, and to furnish the said cage with spring catches as required by law. That it was Cooper's duty on the 22d day of May, 1881, as a servant of defendant, to descend through the shaft into the mine in the said cage, and while he was so descending, using due care and diligence, the said cable broke, and by reason of the willful and negligent failure of defendant to provide the said brake and catches, the said cage fell to the bottom of said mine, and Cooper was thereby killed. The declaration then shows the relation of plaintiff to the deceased and alleges that he was their only means of support.

The second and third counts of the declaration do not differ in any material respect from the first count.

A demurrer was sustained to the fourth count in the declaration. The damages were laid at $10,000. To the declaration appellant filed two special pleas, as follows:

The first plea as amended sets up that Cooper at the time of his death was, and for, to wit, six months before, had been the agent of defendant, having the care and management of the said coal mines, and it became and was his duty as such agent to attach the said catches and brake, and that he had, before his death, sufficient time, means and power to do so; and that Cooper, notwithstanding all this, failed and neglected to discharge his duty in the premises, and by means of his said failure and negligence was killed; without this, that said Cooper was killed by reason of any default or any negligence of the defendant.

The second plea sets up that Cooper, at the time of his death and for, to wit, six months theretofore, was the servant of defendant, employed by it to operate the said coal mine, whose duty it was, in pursuance of said employment, to op-

erate said mine, and to attach the said spring catches to the said cage, and the brake to the said drum, and who had before his death sufficient time, means and power so to do, and that he failed and neglected to do these things, and was killed by his own negligence, without this, that Cooper was killed by reason of any default or negligence of defendant.

Issue was joined on these pleas; the cause was submitted to a jury, and verdict and judgment in favor of appellees for the sum of five thousand dollars. A motion for a new trial was interposed, and refused by the court.

The suit is brought to recover because of the failure on the part of appellant to comply with the provisions of the law of 1879, entitled " An act providing for the safety of persons employed in coal mines." The sixth section of that act, among other things, provides that the owner, agent or operator of every coal mine operated by shaft, shall provide safe means of hoisting and lowering persons in a cage covered with boiler iron * * * and such cage shall be furnished with guides to conduct it on slides through such shaft, with a sufficient brake on every drum to prevent an accident in case of the giving out or breaking of the machinery; and such cage shall be furnished with spring catches, intended and provided as far as possible, to prevent injuries resulting from the breaking of the cable, etc.

In the third section of the act it is provided that the term owner, as used in this act, shall mean the immediate proprietor, lessee or occupant of any coal mine or any part thereof, and the term agent shall mean any person having, on behalf of the owner, the care or management of any coal mine, or any part thereof.

It will be seen that in the declaration it is alleged that appellant failed to furnish the brake and catches provided for in the statute; that the cable broke while Cooper was descending into the mine, the cage fell and he was killed by the fall. This is admitted by the pleas.

The testimony shows that Cooper was the pit boss; that he had charge of the mine and represented the appellant in mining coal; that he had charge of the mining of coal and the

hoisting apparatus; that it was his duty, imposed by the stat-ute, to see that catches were put on the cages. He was furnished with the necessary means by appellant, and had ample time and opportunity to do so.

Appellant being a corporation could act only by and through its officers and agents. From the evidence in the record there can be no doubt that Cooper, at the time of the accident, was the agent of appellant within the true scope and meaning of section three of the act above referred to, and that he had charge of that part of the mine and machinery when the accident happened. If he was such agent of appellant, and had charge of the hoisting apparatus connected with the mine, it was a duty the statute explicitly required of him to place catches on the cages. Under the statute it is alike the duty of the "owner" and the "agent" to do so.

In this case, perhaps, more the duty of the agent; because, as I have said, the corporation can act only through its agents. There was a failure on the part both of appellant and the deceased to put the catches on the cage, as required by the statute, and both, to say the least, were equally culpable and guilty of a willful omission of duty. Appellees in this suit occupy the same position as the deceased would if he had simply been injured or wounded by the fall, and had brought this action to recover damages for the injury. They can occupy no different or better position, and if he could not recover, it must be admitted that his representatives can not recover in this action on the evidence as it appears in the record.

The fourteenth section of the act above referred to provides that for any injury to person or property occasioned by any willful violations of this act, or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any damages sustained thereby; and in case of loss of life by reason of such willful violation or willful failure as aforesaid, a right of action shall accrue to the widow, etc.

The statute proceeds upon the theory that the violation or omission of duty must be willful, and it being the duty of the

"agent" as well as the owner to place catches on the cage, they are equally guilty of willful omission of duty in failing to do so, and are equally liable to prosecution in case of injury arising therefrom.

Indeed, if this accident had happened to one not an agent, but engaged actually in mining coal, the action for damages might have been maintained by his widow and children against the agent or owner of the mine, or both of them, because of a willful failure to comply with the provisions of the statute, whereby death resulted.

It would be strange that the widow of the "agent" could maintain an action against the owner on account of that, which if it had happened to another person, the agent himself would have been held responsible. We think the position assumed, that the statute is applicable only to those engaged in mining coal, is correct. The same statute defines what, for the purposes of the statute itself, shall be the meaning of the terms, owner and agent. In this case the deceased was the agent of appellant, the owner, engaged in mining coal, or it may be more proper to say, superintending the mining of coal. He had certain duties to perform. They were not merely such duties as ordinary diligence, care and attention would indicate, but they were specific duties expressly required by the statute.

He failed to comply as such agent, with those statutory duties. He failed, as was his duty, to put catches on the cage.

It was a willful failure to comply with the law in force, for the benefit of miners, and because of such failure he was killed.

Can his widow and heirs recover damages from the "owner" because of his death, when the death was the result of his own willful neglect to place catches on the cage?

The plaintiff, to recover, must himself have complied with the provisions of the statute, connected with the duty of the defendant.

If he had performed the duty the statute in express terms imposed upon him, he would have avoided the damage. Failing to do so, he is the author of his own wrong. Gregg v. Wyman, 4 Cush. 386.

It is a well-settled principle of law, that if the plaintiff can

Beaucoup Coal Co. v. Cooper.

not make out his claim without showing an illegal act on his part, he can not maintain his action.   A party can not be heard to allege his own illegal act, and expect a recovery.   The party who seeks redress, must come into court with clean hands; and an action which requires for its support the will of an illegal act can not be maintained.   Whelen v. Russell, 17 Mass. 258.

The same rule will apply when the one seeking to recover has himself willfully failed, or omitted to perform a duty the statute has expressly devolved upon him, when that failure or omission of duty was the direct and only cause of the injury complained of, and because of which this action is brought to recover damages.

If this suit had been brought by the widow and heirs of an operative in the mine, upon whom no statutory duty devolved, and against whom no willful omission of duty could be alleged, quite different questions would arise.

As we view this case, the deceased was the agent of appellant, and it was as much his duty as that of the owner to place catches on the cage; that in failing to do so, they failed to comply with the provision of the statute, and are *in pari delicto*.

The fundamental maxim that no man shall take advantage of his own wrong, applies with great force to this case.

The second instruction given on the part of appellees is objectionable.   The jury in arriving at the verdict, must be governed by the evidence properly before them.   City of Freeport v. Isbell, 83 Ill. 443.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.